IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50446
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOEL CERVANTES-CHAVEZ,
also known as Joel Cervantes,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-2088-ALL-H
--------------------
October 29, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joel Cervantes-Chavez appeals the 46-month term of
imprisonment imposed following his guilty plea conviction of
being found in the United States after removal in violation of
8 U.S.C. § 1326.  Cervantes-Chavez complains that his sentence
was enhanced pursuant to 8 U.S.C. § 1326(b)(2), which allowed the
court to impose up to a twenty-year term of imprisonment because
he was removed after being convicted of an aggravated felony.
Cervantes-Chavez argues that the sentencing provision violates

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the Due Process Clause because it permitted the sentencing judge to find, under a preponderance of the evidence standard, a fact which increased the statutory maximum sentence to which he otherwise would have been exposed.  Cervantes-Chavez thus contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).  Cervantes-Chavez acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).  Cervantes-Chavez's argument is foreclosed.  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.